IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Natalio Alfano Perez, #240970, ) | |
| ) | Civil Action No. 3:05-3232-CMC-JRM |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | |
| Jon Ozmint; Attorney General of the ) | |
| State of South Carolina; and Warden, ) | **REPORT AND RECOMMENDATION** |
| Lieber Correctional Institution, ) | |
| ) | |
| Respondents. ) | |
| ) | |

Petitioner, Natalio Alfano Perez ("Perez"), is an inmate at the South Carolina Department of Corrections serving a sentence of life imprisonment with parole available after thirty years for murder. He filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on November 16, 2005.[1] The case was automatically referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 (B)(2)(c), DSC. Respondents filed a motion for summary judgment, supported by copies of portions of the state court record, on January 18, 2006. Because petitioner is proceeding pro se, an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued on January 20, 2006, advising petitioner of his responsibility to properly respond to the motion for summary judgment. Petitioner filed his response on February 14, 2006.

---

[1] This is the Houston v. Lack, 487 U.S. 266 (1988) "delivery" date. See order filed November 23, 2005.

## Procedural History

Perez married Brenda Connelly on June 11, 1996 in Greenwood County. The honeymoon was rather short. He stabbed her to death four days later. Perez was convicted of murder on May 27, 1997, after a jury trial. A direct appeal was filed through the South Carolina Office of Appellate Defense (App. 244). Perez raised the following question:

> Did the trial court err in denying the non-English speaking appellant's motion to have an interpreter translate his trial, in violation of the defendant's Sixth Amendment right to confront witnesses and right to be present at his own trial?

The conviction was affirmed by the South Carolina Supreme Court. See State v. Perez, 334 S.C. 563, 514 S.E.2d 754 (1999).[2]

Perez filed an application for post-conviction relief on May 6, 1999 (App. 276). An evidentiary hearing was held on March 14, 2000.[3] (App. 286). The PCR court issued a written order of dismissal on September 25, 2000. (App. 334). Perez sought review by a petition for writ of certiorari to the South Carolina Supreme Court raising the following claims:

> 1. Whether petitioner received effective assistance of counsel where his attorney continuously failed to object to petitioner being denied an interpreter resulting in a denial of petitioner's Sixth Amendment rights.

---

[2]The record is clear and the Supreme Court recognized that an interpreter was present and assisted the defense during the trial. The interpreter was only sworn and allowed to give verbatim translation during Perez's trial testimony.

[3]A qualified expert interpreter was provided for the PCR hearing. Between Perez's trial and PCR hearing, South Carolina adopted procedures for providing interpreter services in criminal (S.C. Code Ann. § 17-1-50) and civil (S.C. Code Ann. § 15-27-155) matters.

>       2.      Whether petitioner received effective assistance of counsel where his attorney failed to object to the interpreter not being administered an oath and otherwise qualified.
>
>       3.      Whether petitioner received effective assistance of counsel where his attorney totally failed to assert rights under the Vienna Convention on Consular Relations.

The South Carolina Supreme Court denied the petition for writ of certiorari with respect to the third claim, but ordered briefing on the first two. After briefing, the Supreme Court dismissed the writ of certiorari as improvidently granted on October 27, 2003. Perez's petition for rehearing was denied and the remitittur was returned on December 4, 2003.

## Discussion

Respondents assert that the petition should be dismissed because it was not timely filed under the one-year statute of limitations created by the Antiterrorism and Effective Death Penalty Act of 1966("AEDPA"). The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions.[4] Subsection (d) of the statute now reads:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[4] Prior to this amendment there was no statute of limitations. Habeas Rule 9(a) allowed dismissal only where the state could show it had been prejudiced by a delay in filing. Duarte v. Hershberger, 947 F. Supp. 146, 148, n.2 (D.N.J. 1996).

>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

As discussed above, Perez was found guilty in 1997 and his conviction became final in 1999, thus, the AEDPA statute of limitation applies.  The one-year statute of limitations in § 2254 is not jurisdictional, but is subject to the doctrine of equitable tolling.  This doctrine allows courts to forgive untimely petitions based on "extraordinary circumstances" beyond the inmate's control which cause the delay.  Bilodeau v. Angelone, 39 F.Supp.2d 652, 659 n.1 (E.D.Va. 1999).  Under § 2244(d), the State bears the burden of asserting the statute of limitations.  Petitioner then bears the burden of establishing the applicability of the doctrine.  Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002).

Without calculating the total of untolled time in this case, it is abundantly clear that the petition is untimely.  Perez's PCR was rejected, certiorari ultimately denied, and the remittitur returned on December 4, 2003.  This case was filed on November 16, 2005, almost two years later.  Perez appears to argue that he missed the deadline due to his limited grasp of the English language.  However, this does not amount to an extraordinary circumstance which would excuse delay.  Cruz v. Warden, California Men's Colony, 2003 WL 22016786 (N.D.Cal. 2003) (unpublished) (general allegation of inability to speak English insufficient to toll statute of limitations).

4

After reviewing the record, it is recommended that respondents' motion for summary judgment be granted, and the petition dismissed without an evidentiary hearing.

> Respectfully submitted,
>
> s/Joseph R. McCrorey
> United States Magistrate Judge

March 8, 2006
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

**Notice of Right to File Objections to Magistrate Judge's Report and Recommendation**
**&**
**The Serious Consequences of a Failure to Do So**

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be delivered to a United States District Judge fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-47 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-19 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd. Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections. See Wright, supra,; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing addressed as follows:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201
