IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Natalio Alfano Perez, #240970,  ) | Civil Action No. 3:05-3232-CMC-JRM |
| ) | |
| Petitioner,  ) | **OPINION and ORDER** |
| ) | |
| v.  ) | |
| ) | |
| Jon Ozmint; Attorney General of the State of  ) | |
| South Carolina; and Warden, Lieber Correctional  ) | |
| Institution,  ) | |
| ) | |
| Respondents.  ) | |
| ) | |

Petitioner has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is currently confined in the South Carolina Department of Corrections pursuant to an order of the Clerk of Court of Greenwood County. Respondents filed a motion for summary judgment January 18, 2006. Petitioner was advised by court order of the summary judgment procedure and possible consequences if he failed to respond adequately to the motion. Petitioner responded to the motion on February 14, 2006.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(c), DSC, this matter was referred to United States Magistrate Judge Joseph R. McCrorey for pre-trial proceedings and a Report and Recommendation. On March 8, 2006, the Magistrate Judge issued a Report recommending that Respondents' motion for summary judgment be granted and this case dismissed with prejudice as untimely. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if he failed to do so. Petitioner filed Objections to the Report on March 21, 2006.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court.

*See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report and Recommendation only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

After reviewing the record of this matter, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court agrees with the conclusions of the Magistrate Judge. Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order. This Petition is untimely. Petitioner argues in his Objections that the Magistrate Judge did not address Petitioner's assertion that his Petition should be considered because he believed that he still had matters pending in the South Carolina Supreme Court during the time the statute of limitations ran on this filing of the instant Petition.

As noted by the Magistrate Judge, this matter is controlled by the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA"). Under the AEDPA, the limitation period for § 2254 petitions runs from the latest of:

> (A) the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (2) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from making a motion by such State action;
>
> (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and

2

made retroactively applicable to cases on collateral review; or

(4) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1).

The Fourth Circuit has held that the AEDPA's time limit is a statute of limitation, not a jurisdictional bar, and therefore "is subject to equitable tolling, at least in principle." *Harris v. Hutchinson*, 209 F.3d 325, 329-30 (4th Cir. 2000). However, equitable tolling is "reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id.* at 330. Petitioner would be entitled to equitable tolling of the statute of limitations period if he "presents (1) extraordinary circumstances, (2) beyond [his] control or external to [his] own conduct, (3) that prevented [him] from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003). Equitable tolling is generally reserved for those instances where some wrongful conduct of the opposing party (in this case, Respondents) prevented Petitioner from filing a petition, or extraordinary circumstances beyond Petitioner's control made it impossible to timely file the claim. *See Harris*, 209 F.3d at 330. The instant petition meets none of these requirements.

IT IS THEREFORE ORDERED that Respondents' motion for summary judgment is **granted** and this case is dismissed with prejudice.

**IT IS SO ORDERED**.

                                                s/ Cameron McGowan Currie
                                                CAMERON MCGOWAN CURRIE
                                                UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
March 27, 2006
C:\temp\notesFFF692\05-3232 Perez v. Ozmint e adopt rr dism as untimely.wpd